**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN A. MARTIN, | No. 08-17254 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-00466-GEB-JFM |
| v. | |
| D. HOFFMAN; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

     Steven A. Martin, a California state prisoner, appeals pro se from the district

court's judgment entered after a jury trial on his retaliation claim in his 42 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order denying summary judgment, *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005), and for an abuse of discretion the district court's decisions related to managing its case, *Pierce v. County of Orange*, 526 F.3d 1190, 1196 (9th Cir. 2008). We may affirm on any ground supported by the record. *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796 (9th Cir. 2001). We affirm.

Because Martin failed to provide a transcript of the trial, we are unable to review Martin's contentions challenging the district court's evidentiary rulings, that he was kept fastened to a leg restraint during trial, and that the district court declined to help him formulate objections during trial. *See* Fed. R. App. P. 10(b)(2); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991).

The district court properly denied Martin's motion for summary judgment on his Fourteenth Amendment claim because he enjoyed no due process right to employment in prison. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (recognizing prisoner enjoys no per se Fourteenth Amendment right to prison employment).

The district court did not abuse its discretion by denying Martin's motion to continue the trial date or by assigning a new judge to preside over the trial. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (affirming denial of motion to continue); *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) ("District court judges have broad discretion regarding the assignment or reassignment of cases.") (internal quotation marks omitted).

Martin's remaining contentions are unpersuasive.

**AFFIRMED.**